UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD TAYLOR, JR.,

    Plaintiff,

    v.      CAUSE NO.: 3:19-CV-357-JD-MGG

MEDICAL STAFF,

    Defendant.

OPINION AND ORDER

Leonard Taylor, Jr., a prisoner without a lawyer, filed a complaint (ECF 1) naming the medical staff at Indiana State Prison as a defendant and alleging that he has been denied adequate medical care for his inguinal hernia while housed at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is not the first time Taylor has filed a complaint alleging that the care he has received for his inguinal hernia while housed at Indiana State Prison was inadequate. In June of 2018, Taylor filed a complaint alleging that he was diagnosed with an inguinal hernia in January of 2018, that it had grown in size and was painful, and that he was

told that he would be provided with a hernia belt but he did not received the belt. *Taylor v. Neal*, 3:18-CV-457-PPS-MGG (filed June 14, 2018). Taylor was granted leave to proceed against Ron Neal in his official capacity for injunctive relief for denying necessary medical care for his inguinal hernia, in violation of the Eighth Amendment. The hernia belt was provided to Taylor and Warden Neal moved to dismiss the case as moot. Taylor did not respond to the motion, and the case was dismissed as moot on October 24, 2018.

In this complaint, Taylor alleges that his hernia has again grown in size and is causing his right leg to swell. He requested medical attention for his condition on April 10, 2019. He was seen by a nurse and provided with a shot for pain and swelling. He was also told that he would be seen by a doctor in the next few days, but at the time he filed this complaint on April 28, 2019, he still had not been seen by a doctor. The hernia belt he was provided is not working. He is in pain, and he has not been provided with ongoing pain medication. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are not, however, "entitled to demand specific care" or "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Here, it can be plausibly inferred that Taylor is not receiving medical care sufficient to address his inguinal hernia. Accepting the complaint as true, and giving Taylor the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the court finds that Taylor has plausibly stated a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Taylor, however, has sued the medical staff at Indiana State Prison

2

without specifically naming any individual personally involved in making decisions regarding his medical care. The case, however, cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. While Taylor's complaint does not state a claim for monetary damages, Warden Ron Neal is ultimately responsible for ensuring that Taylor receives medical care that complies with the Eighth Amendment, and he will be added as a defendant to this action so that Taylor can proceed against him in his official capacity to the extent he seeks injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden Ron Neal as a defendant;

(2) GRANTS Leonard Taylor, Jr. leave to proceed against Warden Ron Neal in his official capacity for injunctive relief for denying necessary medical care for his inguinal hernia following Taylor's request for medical attention on April 10, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES all other defendants;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Ron Neal at the Indiana State Prison with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(6) ORDERS Warden Ron Neal to file an affidavit or declaration with the court by **May 29, 2019**, explaining how he is satisfying his obligations under the Eighth Amendment to provide adequate medical care for Leonard Taylor, Jr.'s inguinal hernia; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 9, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT